## MAGNOLIA PETROLEUM CO. v. INMAN et al.

No. 23242. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 3, 1933.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

C. T. Huddleston, for respondents.

McNEILL, J. This action is to review an order and award of the State Industrial Commission. The respondent was employed by the Magnolia Petroleum Company as a roustabout, and while pulling tubing and rods on an oil and gas lease, gas, oil, and salt water splashed from the tubing and rods coming in contact with his eyes. The Commission found that by reason thereof respondent suffered a compensable injury, and made an award in favor of respondent under section 7290, subsection 3, C. O. S. 1921, as amended by the Session Laws of 1923 [O. S. 1931, sec. 13355]. The Commission found that respondent suffered a loss of the use of both eyes, 60 per cent. permanent loss of vision of right eye, and 40 per cent. permanent loss of vision in the left eye. The award was made on the basis of 50 per cent. loss of vision for 250 weeks at the rate of $18 per week.

The evidence shows that the injury was compensable. The only major question for determination is whether or not the evidence supports the award. We are not concerned with the weight of the evidence and credibility of the witnesses.

It appears that the respondent was 21 years of age at the time of the injury, which the Commission found to be on April 10, 1930, and had worked for said company for approximately two years. The respondent testified that the injury occurred about April 15, 1930, and that within a few days thereafter he notified his foreman on two separate occasions in reference to the oil and gas and salt water splashing into his eyes. There is competent medical expert testimony to the effect that oil, gas, and salt water would and did produce the condition which the eyes of respondent were in at the time of the hearing, and there is also expert testimony to the contrary.

It also appears that respondent when he was about the age of 13 or 14 years suffered from trachoma and attended the School for the Blind at Muskogee. The petitioner produced the records of the school which indicate that at that time the respondent was apparently what might be termed "industrially blind," due to trachoma. However, Dr. J. P. McGee, who was called on behalf of petitioner, testified as follows:

"Q. Doctor, trachoma is a condition that can be cured, a boy 13 or 14 could probably be cured and get well if he had a 99 per cent. trachoma? A. Could get well."

There is positive expert testimony that there was no evidence of trachoma or any sequela of trachoma present in the eyes of respondent at the time of the hearing; but

that there was evidence of an old trachoma which could not produce or have anything to do with the condition which was present in respondent's eyes; that respondent was suffering from a disease known as dystrophy of the cornea attributable to the oil, gas, and salt water coming in contact with respondent's eyes. The evidence also shows that the respondent was examined by the petitioner's doctor at approximately the time he commenced working for petitioner. This doctor did not testify. The respondent testified at this time his eyes were in good condition and caused him no trouble. The evidence also shows that the respondent, prior to working for petitioner, worked for the Sinclair Oil Company in 1925 or 1926, assisting in making connections at a gasoline plant, fitting at times small pipes; that he was subsequently employed by the same company in the year 1928, doing a similar work. There is testimony that nothing was observed during those periods of time in the way of any defect in respondent's vision, and that this character of work required good vision. Respondent produced two medical experts, eye specialists, Dr. C. H. Haralson and Dr. R. V. Reynolds. From a review of their testimony, the Commission was justified in finding that the injury suffered by respondent was due to the oil, gas, and salt water getting into respondent's eyes, thereby causing a loss of vision in both eyes, and that this condition was not the result of trachoma as contended for by petitioner. Dr. Wails, who had treated respondent in the year 1926 for trachoma, testified on behalf of petitioner as follows:

"I saw him in 1926, and put him on trachoma treatment. I saw him at intervals until his eyes cleared up—got in pretty good shape. I waited on him for at least two years and I don't remember for sure if we have examined him since that time or not."

Award affirmed.

CLARK. V. C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., dissent. LESTER, C. J., absent.

HEFNER, J. (dissenting). I cannot concur in the majority opinion for the reason that the order of the Industrial Commission was contrary to law, in that the record discloses that the petitioner showed a preexisting loss of vision of claimant, who had been in an institution for the blind before the injury complained of. Claimant did not show the percentage of permanent loss of vision existing at the time of the injury. For these reasons, in my judgment, the

order of the Industrial Commission should be vacated.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.